**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000510
05-MAY-2025
07:53 AM
Dkt. 97 SO**

NO. CAAP-22-0000510

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

A.C., Individually and as Guardian Prochien Ami
for JANE DOE, A Minor, Plaintiff-Appellant, v.
STATE OF HAWAII, Defendant/Cross-claimant/
Cross-claim Defendant-Appellee; N.P., Defendant/
Cross-claim Defendant/Cross-claimant-Appellee,
and JOHN DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CC181000124)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

A.C. (**Mother**) and N.P. (**Father**) are **Child**'s parents. This is their third case before us. We take judicial notice under Hawaii Rules of Evidence Rule 201 (2016) of the other two, Judiciary Information Management System (**JIMS**) case no. 5DA161000193 (the **Order for Protection Case**), see AC v. NP, No. CAAP-17-0000088, 2018 WL 6258563 (Haw. App. Nov. 29, 2018) (SDO), cert. rejected, SCWC-17-0000088, 2019 WL 1760785 (Haw. Apr. 18, 2019); and JIMS case no. 5PP171000013 (the **Custody Case**), N.P. v. A.C., No. CAAP-23-0000511, 2024 WL 2992353 (Haw. App. June 13, 2024) (SDO).

In this civil tort case, Mother appeals from the August 1, 2022 **Judgment** for the State of Hawaiʻi entered by the

Circuit Court of the Fifth Circuit.[1]  She challenges the May 22, 2022 "Order Granting Defendant State of Hawaii's Motion for Summary Judgment" and the June 29, 2022 clerk's taxation of costs.  We affirm.

Mother filed the Order for Protection Case in 2016, alleging that Father had sexually abused Child.  The family court issued a temporary restraining order (**TRO**) against Father.  On February 1, 2017, the family court entered an order for protection (**OFP**) against Father.  Father appealed, alleging evidentiary error.  We affirmed.  <u>A.C. v. N.P.</u>, 2018 WL 6258563.

Father filed the Custody Case on May 4, 2017.  Mother was the respondent.  The family court held a trial on September 18 and 19, 2018, and February 19, 2019.  Extensive findings of fact, conclusions of law, and an order were entered on June 6, 2019.  The family court found that Father did not sexually abuse Child and the allegations against Father were false.  The family court found that the State, the Children's Justice Center, and the Kauaʻi Police Department conducted "careful and diligent investigations" and, together with Child's long-term therapists, "found no basis to confirm or corroborate the allegations of sex abuse by Father[.]"

Of significance to this appeal, the family court also found that "the State of Hawaii Child Welfare Services acted diligently, appropriately and with due care in investigating the allegations of sex abuse of [Child]," and explained its finding in detail.  The family court found that Mother was unhappy with the outcome of the "multiple unbiased and impartial investigations" of her allegations, and went "'doctor shopping' until she located a new team of therapists who were willing to support [her] claims of sexual abuse, despite the mountain of objective evidence to the contrary."  Citing HRS § 586-4(d), the family court ordered that its findings, conclusions, and orders in the Custody Case shall supersede the TRO and OFP entered in

_____

[1]  The Honorable Kathleen N.A. Watanabe presided.

the Order for Protection Case.  The family court dissolved the OFP.

On August 19, 2019, the family court in the Order for Protection Case entered an order dissolving the OFP.  Mother did not appeal the order.  Four years later, however, she moved *in the Custody Case* to set aside the August 19, 2019 order dissolving the OFP in the Order for Protection Case.  The family court denied her motion.  She appealed.  She argued that the Custody Case court had no jurisdiction to dissolve the OFP.  We held the issue was moot because Mother didn't appeal from the order dissolving the OFP in the Order for Protection Case.  N.P. v. A.C., 2024 WL 2992353, at *2.  Mother also argued it was improper for the family court in the Order for Protection Case to even consider Father's motion to dissolve the OFP because the family court in the Custody Case had no jurisdiction to set aside the OFP.  We held the family court's actions in the Order for Protection Case were not before us in the appeal from the Custody Case.  Id.

On August 28, 2018, Mother, for herself and as Child's guardian, filed the action below against the State and Father.  The complaint alleged that Child told her pediatrician she had been sexually abused by Father; the pediatrician reported this to the State; but the State failed to take appropriate action.  It pleaded negligence against the State and assault and battery, negligence, and negligent and intentional infliction of emotional distress against Father.

Father petitioned the circuit court for a determination that a settlement to be paid by his liability insurer was in good faith.  An order granting Father's petition was entered on January 22, 2022.  A stipulation and order dismissing Father from the lawsuit was filed on February 23, 2022.  Father is not a party to this appeal.

The State moved for summary judgment (**MSJ**) on April 4, 2022.  An order granting the MSJ was entered on May 27, 2022.  The circuit court clerk taxed costs against Mother on June 29,

2022. The Judgment was entered on August 1, 2022. This appeal followed.

Mother states a single point of error: summary judgment was improper because there were genuine issues of material fact about whether Father sexually abused Child, and the family court in the Custody Case incorrectly applied HRS § 586-4(d) to find "that [Father] was not a sex abuser even though the [Order for Protection Case] judge had determined that [Father] was a sex abuser and this Court had affirmed the [OFP] on appeal."

We review an award of summary judgment de novo under the same standard applied by the circuit court. Dorrance v. Lee, 90 Hawaiʻi 143, 145, 976 P.2d 904, 906 (1999). Summary judgment is appropriate if the record shows there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Id. The evidence is viewed in the light most favorable to the party opposing summary judgment. Id.

The State's MSJ was based on collateral estoppel, also known as issue preclusion. Collateral estoppel bars relitigating an issue where: (1) the identical issue was decided in a previous case; (2) there was a final judgment on the merits; (3) the issue decided was essential to the judgment; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the previous case. Dorrance, 90 Hawaiʻi at 149, 976 P.2d at 910. Collateral estoppel may be raised defensively by one not a party to the previous case against one who was a party to the case and raised and litigated the issue. Id. at 148, 976 P.2d at 909. The policy behind the doctrine is "preventing inconsistent results, preventing a multiplicity of suits, and promoting finality and judicial economy." Id. at 148-49, 976 P.2d at 909-10.

The State submitted (under seal) the family court's June 6, 2019 Findings of Fact, Conclusions of Law, and Order from the Custody Case, and other supporting evidence. Mother's opposition memorandum attached her declaration stating that the OFP expires on January 31, 2029. That wasn't correct, because

4

the family court had dissolved the OFP on August 19, 2019, and Mother did not appeal from the order. Mother did not submit evidence controverting the State's evidence. Nor did she submit evidence tending to show that the State negligently investigated the allegations of sexual abuse. Instead, she argued the State should be judicially estopped from arguing that Father did not sexually abuse Child because it had filed a cross-claim against Father. Neither her opposition memorandum nor her unauthorized supplemental one made a legal argument against the application of collateral estoppel.

Mother argues on appeal that the State "relied completely on HRS [§ ]586-4(d) to make this [collateral estoppel] argument, and the trial court accepted STATE's argument and granted STATE's Motion." She did not make that argument to the circuit court. "As a general rule, if a party does not raise an argument at the circuit court level, that argument will be deemed to have been waived on appeal[.]" Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 500, 164 P.3d 696, 758 (2007) (brackets omitted); HRS § 641-2 (2016) ("The appellate court . . . need not consider a point that was not presented in the trial court in an appropriate manner."). It is unfair to the trial court to reverse on a ground no one even suggested might be error; it is unfair to the opposing party, who might have met the argument not made below; and "it does not comport with the concept of an orderly and efficient method of administration of justice." Id.

Regardless, her argument is not correct. The State's MSJ mentioned HRS § 586-4(d) once, when it explained what authority the family court in the Custody Case relied on to dissolve the OFP. The State's MSJ did not argue, and the circuit court did not decide, whether the family court in the Custody Case was authorized under HRS § 586-4(d) to dissolve the OFP. And in N.P. v. A.C., we held that issue was moot because Mother didn't appeal from the order dissolving the OFP in the Order for Protection Case. 2024 WL 2992353, at *2.

Mother also argues that under HRS § 586-4(d), the family court's findings that Father did not sexually abuse Child are only binding in family court proceedings, and cannot be used to collaterally estop litigation of the issue in a circuit court civil case. She cites no authority for the proposition, and we find none.

Mother also argues for the first time on appeal that the family court judge who found that no sexual abuse happened had no jurisdiction to make the finding. Lack of subject matter jurisdiction may be raised at any time. Kellberg v. Yuen, 131 Hawaiʻi 513, 526, 319 P.3d 432, 445 (2014). A judgment rendered by a court without subject matter jurisdiction is void. Id. The existence of jurisdiction is a question of law we review de novo under the right/wrong standard. Id. Here, the family court had exclusive original jurisdiction over the Custody Case. HRS § 571-11 (Supp. 2016). The family court in the Custody Case had jurisdiction to find that Father did not sexually abuse Child.

Mother makes no argument that the clerk's taxation of costs should be vacated. Her point is waived. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7) ("Points not argued may be deemed waived.").

The circuit court's August 1, 2022 Judgment and the June 29, 2022 clerk's taxation of costs are affirmed.

DATED: Honolulu, Hawaiʻi, May 5, 2025.

On the briefs:

Samuel P. King, Jr.,
for Plaintiff-Appellant.

Amanda J. Weston,
Justine Hura,
Deputy Attorneys General,
for Defendant-Appellee
State of Hawaiʻi.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge